SHROPSHIRE, PLAINTIFF-APPELLANT, *v.* SHROPSHIRE, DEFENDANT-APPELLEE.

Ohio Appeals, Tenth District, Franklin County.

No. 6583.    Decided February 21, 1961.

*Messrs. Maugan, Vacca & Braun,* for plaintiff-appellant.
*Mr. Henry A. Reinhard,* for defendant-appellee.

DUFFY, J.    This is an appeal from an order of the Court of Common Pleas, Division of Domestic Relations, granting temporary alimony to the wife (defendant-appellee herein).    The action was commenced by the husband (plaintiff-appellant), and the petition alleges, as grounds for the divorce, that the wife ''has been guilty of gross neglect of duty, extreme cruelty and willful absence for more than one year, and adultery, the nature and extent of which will be disclosed to the court at time of trial.''

The wife had filed, in answer to the petition, a cross-petition and a motion for an order to require the husband to pay her temporary alimony and expense money. The court granted temporary alimony and expense money, to the wife.

After filing two motions for rehearing without a request that it be made a final order as provided by Section 3105.14, Revised Code, the husband has appealed to this court from the allowance of temporary alimony for the wife. He makes four assignments of error, which are as follows:

(1) The order of the Court below awarding the defendant-appellee wife the sum of $12.50 per week as temporary alimony is contrary to law and not supported by evidence.

(2) The Court erred in overruling the motion of plaintiff-appellant for rehearing, and in approving the Referee's report.

(3) The Court committed a gross abuse of discretion in allowing the wife, who refuses to live with her husband without just cause, the sum of $12.50 per week as temporary alimony effective December 29, 1959.

(4) For all other errors which are manifest upon the face of the record.

The wife has filed a motion to dismiss the appeal for the reason that the order appealed from was not a final order, citing as authority the case of *McMahon* v. *McMahon*, 156 Ohio St., 280, wherein the Supreme Court stated that

"An examination of the record fails to disclose an abuse of discretion by the trial court in making the order. The order for temporary alimony is provisional in its nature, subject to modification at any time, and did not determine the ultimate rights of the parties in the action for alimony. It is not a judgment or final order from which an appeal on questions of law may be taken."

It is to be noted that the third assignment of error accuses the court of "a gross abuse of discretion" which, under the *McMahon case*, might make the case reviewable on that question alone. However, there is no record before this court disclosing any abuse of discretion; and where wilful absence is an issue in the divorce proceedings we could not consider the allegation of refusal "to live with her husband without just cause" as presenting a question of abuse of discretion or a ground for

permitting an appeal from the order granting temporary alimony.

The motion to dismiss the appeal on questions of law will be sustained, and the cause remanded to the Division of Domestic Relations for further proceedings.

DUFFEY, P. J., and BRYANT, J., concur.